OPINION *Page 2 
{¶ 1} Appellant was indicted on one count of Trafficking in Cocaine within the vicinity of a school, a felony of the fourth degree, in violation of R.C. 2925.03(A)(1) and (C)(4)(b). The matter proceeded to a jury trial wherein Appellant was found guilty of the offense. Appellant was sentenced to a prison term of 15 months.
 {¶ 2} The State presented the testimony of Willie Norfleet who testified he purchased crack cocaine from Appellant. Willie entered into an agreement with police to work as a confidential informant purchasing drugs from various dealers. In exchange for his work as a confidential informant, Willie would receive payment of $100 at the time of a drug purchase and an additional $100 at the conclusion of the case regardless of the outcome.
 {¶ 3} On May 21, 2007, a friend of Willie's named Bud told Willie crack would be for sale at Bud's home later in the day. Willie told Bud he would stop by to make a purchase. Knowing the crack would be available, Willie called Detective Randy West to advise him of the possibility of conducting a controlled buy. Detective West arranged to pick Willie up and prepare him for the sting operation.
 {¶ 4} Detectives Randy West and Mike Carroll of the Coshocton County Sheriff's Department searched Willie and wired him with a device designed to record the transaction. Detective West testified Willie exhibited no signs of impairment due to drugs or alcohol. Willie was given $130 cash to purchase drugs at Bud's house from either Appellant or a person known as Peach. Willie testified he walked from Detective West's van to the house. When Bud answered the door, Willie asked for Kyle or Peach. Bud told him Kyle was there. Kyle and Willie went into a bathroom where Willie gave *Page 3 
Kyle the $130 in exchange for crack. Willie then broke a piece of the crack off and gave it to Bud as payment for allowing his home to be used as the site of the sale. Willie asked Kyle if he could come back in 20 minutes and buy $100 more. Kyle advised Willie he could get more crack if Willie wanted it. Kyle and Willie left Bud's at the same time. Willie went to the police van and turned over the drugs and the wire equipment to Detective West. Willie identified Appellant as the man from whom he purchased the crack. On cross examination, Willie admitted he had smoked marijuana the morning of May 21, 2007, however, he testified the effects of the marijuana had worn off by the time of the drug transaction.
 {¶ 5} Detective West testified from his vantage point, he was able to see Willie go directly to Bud's house. Further, he saw Willie and another person leave the house at the same time. Detective West's testimony corroborated Willie's testimony. He was also able to identify Appellant's voice on the audio recording of the transaction.
 {¶ 6} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes an appeal is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to *Page 4 
withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 7} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth a proposed assignment of error. Appellant did not file a pro se brief alleging any additional assignments of error. Appellee also did not file a brief. Appellant's proposed assignment of error is:
 {¶ 8} "THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 9} In his sole proposed assignment of error, Appellant argues his conviction was against the manifest weight of the evidence.
 {¶ 10} When it is argued a conviction is against the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, 678 N .E.2d 541 superseded by constitutional amendment on other grounds as stated by State v. Smith,80 Ohio St.3d 89, 1997-Ohio-355, 684 N .E.2d 668, citing State v. Martin (1983), 20 Ohio App.3d 172, 175, *Page 5 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, syllabus 1.
 {¶ 11} Despite defense counsel's attacks on Willie Norfleet's credibility, the jury believed his testimony. Willie's testimony was corroborated by that of Detective West. The State presented a recording of the drug transaction wherein Appellant is heard selling crack. The prosecution presented undisputed evidence which established Appellant sold .99 grams of crack cocaine to Willie Norfleet within the vicinity of a school.
 {¶ 12} Based upon our review of the record including the trial transcript, we cannot say this is one of those extraordinary cases where the trier of fact clearly lost its way.
 {¶ 13} Appellant's proposed assignment of error is overruled.
 {¶ 14} Counsel in this matter has followed the procedure in Anders v.California (1967), 386 U.S. 738. We find the appeal to be wholly frivolous and grant counsel's motion to withdraw. *Page 6 
 {¶ 15} The judgment of the Coshocton County Court of Common Pleas is affirmed.
 Hoffman, J., Gwin, P.J. and Edwards, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Coshocton County Court of Common Pleas is affirmed. Costs to Appellant. *Page 1